**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Deborah L. Williams,<br><br>　　　　Plainitff,<br>v.<br><br>Jo Anne B. Barnhart,<br>Commissioner of Social Security,<br><br>　　　　Defendant | No. CV-05-0442-PHX-SMM<br><br>**RAND WARNINGS** |

Defendant has filed a Motion to Dismiss (Doc. 33) pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure contending that Plaintiff's action is untimely as she has failed to exhaust the applicable administrative remedies as required by section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**NOTICE--WARNING TO PLAINTIFF**

*THIS NOTICE IS REQUIRED TO BE GIVEN TO YOU BY THE COURT[1]*

Defendants' Motion to Dismiss seeks to have your case dismissed for failure to exhaust the applicable administrative remedies as required by section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). A motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure will, if granted, end your case. When deciding a motion to dismiss for failure to exhaust, the Court may consider evidence beyond your complaint, including sworn declarations and other admissible documentary evidence. Moreover, if Defendants produce

---

[1] Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

1  admissible evidence demonstrating that you failed to exhaust available administrative
2  remedies, your complaint will be dismissed without prejudice unless your response to
3  Defendants' Motion includes admissible evidence sufficient to show that you exhausted all
4  available administrative remedies or that no administrative remedies were available to you.
5  Types of admissible evidence may include copies of your grievances, grievance responses
6  and sworn declarations.

7  Additionally, you must comply with the following provisions of Rule 7.2 of the Local
8  Rules of Civil Procedure:

> (e) **Length of Motions and Memoranda.** Unless otherwise permitted by the Court, a motion including its supporting memorandum, and the response including its supporting memorandum, each shall not exceed seventeen (17) pages, exclusive of attachments and any required statement of facts. Unless otherwise permitted by the Court, a reply including its supporting memorandum shall not exceed eleven (11) pages, exclusive of attachments.
> . . . .
>
> (i) **Briefs or Memoranda of Law; Effect of Non-Compliance.** If a motion does not conform in all substantial respects with the requirements of this Local Rule, or if the unrepresented party or counsel does not serve and file the required answering memoranda, or if the unrepresented party or counsel fails to appear at the time and place assigned for oral argument, such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily.

LRCiv 7.2.

You must timely respond to all motions. The Court may, in its discretion, treat your failure to respond to Defendants' Motion to Dismiss as a consent to the granting of that Motion without further notice, and judgment may be entered dismissing this action without prejudice pursuant to Rule 7.2(i) of the Local Rules of Civil Procedure. See Brydges v. Lewis, 18 F.3d 651 (9th Cir. 1994) (*per curiam*).

**IT IS ORDERED** that Plaintiff must file a response to Defendants' Motion to Dismiss, together with copies of grievances, sworn declarations or other admissible evidence, no later than **Friday, April 27, 2007** .

**IT IS FURTHER ORDERED** that Defendants may file a reply within 15 days after service of Plaintiff's response.

1    **IT IS FURTHER ORDERED** that the Motion to Dismiss will be deemed ready for
2 decision without oral argument on the day following the date set for filing a reply unless
3 otherwise ordered by the Court.

4    DATED this 2nd day of April, 2007.

                 Stephen M. McNamee
                 United States District Judge